# IN THE UNITED STATES DISTRICT COURT
## FOR THE Southern_____ DISTRICT OF TEXAS
### Houston_____ DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

Anthony Ortiz # 753367_____
Plaintiff's name and ID Number

Pack I Unit
2400 Wallace Pack Rd., Navasota, Texas- 77868
Place of Confinement

CASE NO: _____
(Clerk will assign the number)

v.

Bryan Collier, P.O. Box 99, Huntsville, Texas- 77342
Defendant's name and address

Oscar Mendoza, P.O. Box 99, Huntsville, Texas- 77342
Defendant's name and address

Lorie Davis, P.O. Box 99, Huntsville, Texas- 77342
Defendant's name and address
(DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

# FILING FEE AND IN FORMA PAUPERIS

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

# CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

# I. PREVIOUS LAWSUITS:

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment?     ✓  YES _____ NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: Do not remember

2. Parties to previous lawsuit:
   Plaintiff(s): Anthony Ortiz #753361

   Defendant(s): Debra Schubert

3. Court (If federal, name the district; if state, name the county) Southern, Texas, Harris county

4. Docket Number: Do not remember

5. Name of judge to whom case was assigned: Do not remember

6. Disposition: (Was the case dismissed, appealed, still pending?)

   Dismissed

7. Approximate date of disposition: Do not remember

I. Previous Lawsuits

B. If your answer to "A" is yes, describe each lawsuit in the space below.

1. Approximate date of filing lawsuit ~~Do not remember, Nov 9, 2017~~ March 18, 2019

2. Parties to previous lawsuit: Anthony Ortiz, #753367

   Plaintiffs: Anthony Ortiz #753367

   Defendant(s): Warden Robert Herrera, Bryan Collier, Lt. Houston, Officer Sharon Boniaby, Lorie Davis, Asst. Warden Donald Bilnoski

3. Court (if federal, name the district; if state, name the county) United States District Court, Southern District of Texas, Texas, Harris

4. Docket Number: 40 (19 pages)

5. Name of judge to whom case was assigned: ~~Venessa Vatterans~~ Vanessa D. Gilmore

6. Disposition: (Was the case dismissed, appealed, still pending?)

   , dismissed then appealed

7. Approximate date of disposition: Do not remember

---

1. Do not remember

2. Anthony Ortiz # 753367
   Bryan Collier, Lorie Davis, Warden Robert Herrera, Asst. Warden Donald Bilnoski
   Lt. Houston, Officer Sharon Boniaby

   COURT OF APPEALS, NEW ORLEANS, LOUISIANA
3. United States ~~District Court, Southern District of Texas~~

4. Do not remember

5. Do not remember

6. Dismissed

7. Do not remember

**II. PLACE OF PRESENT CONFINEMENT:** Pack 1 Unit, 2400 Wallace Pack Rd. Navasota, Texas-77868

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? ✓ YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: Anthony Ortiz, #753367, Pack 1 Unit, 2400 Wallace Pack Rd. Navasota, Texas-77868

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Bryan Collier, Executive Director of TDCJ, Huntsville Unit, Post Office Box 99-Huntsville, Texas-77342

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

He kept me in Imminent Danger and Life Endangerment concerning COVID-19

Defendant #2: Oscar Mendoza, Deputy Director of TDCJ, Huntsville Unit, Post Office Box 99, Huntsville, Texas-77342

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

He kept me in Imminent Danger and Life Endangerment concerning COVID-19

Defendant #3: Lorie Davis, Correctional Institutions Division Director, Huntsville, Unit, Post Office Box 99, Huntsville, Texas-77342

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

She kept me in Imminent Danger and Life Endangerment concerning COVID-19

Defendant #4: Alisha Chiles-Investigator #2, Pack 1 Unit, Pack 1 Unit, 2400 Wallace Pack Rd. Navasota, Texas-77868    Uses grievance Identification ID #2433

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

She kept me in Imminent Danger and Life Endangerment concerning COVID-19

Defendant #5: Erica V. Hopkins COV, Pack 1 Unit, Pack 1 Unit, 2400 Wallace Pack Rd. Navasota, Texas-77868    She is using grievance Identification ID #2647

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

She kept me in Imminent Danger and Life Endangerment concerning COVID-19.

Defendant #6: Warden Robert D. Herrera, Warden of the Pack I Unit, Pack I Unit, 2400 Wallace Pack Rd. Navasota, Texas - 77868

He kept me in Imminent Danger and Life Endangerment concerning COVID-19

Defendant #7: Assistant Warden J.C. Gonzales, Asst. Warden of the Pack I Unit Pack I Unit, 2400 Wallace Pack Rd. Navasota, Texas - 77868

He kept me in Imminent Danger and Life Endangerment concerning COVID-19

Defendant #8, Tommy Ybarra COV. Pack I Unit - Pack I Unit, 2400 Wallace Pack Rd.

Navasota, Texas - 77868

He kept me in Imminent Danger and Life Endangerment concerning COVID-19

Defendant #9: Lieutenant Lakisha S. Murphy, Lieutenant on the Pack I Unit Pack I Unit, 2400 Wallace Pack Rd. Navasota, Texas - 77868

She kept me in Imminent danger and Life Endangerment concerning COVID-19

Defendant #10: M. Lewandowski - Central grievance office - P.O. Box 99, Huntsville, Texas

She kept me in imminent danger and Life Endangerment concerning COVID-19.

Defendant #11. Britney M. Tilley, Program Supervisor I on the Pack I Unit, Pack I Unit 2400 Wallace Pack Rd. Navasota, Texas - 77868 She kept me in Imminent danger

Defendant #12. A. Correll, supervisor for Central Grievance Office,

P.O. Box 99, Huntsville, Texas - 77342 He kept me in Imminent danger

## V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal argument or cite any cases of statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1. On grievance # 2020119632, On May 11, 2020 at approximately 10:00 A.M. Alisha Chiles and Erica V. Hopkins came to my cubicle without any PPE on and put my life in Imminent danger, Life endangerment - My cubicle is on the Pack 1 Unit, E-20-04. This is on film in camera 16. Also involved in this is Ass. Warden Gonzales and M. Lewandowski, Assistant Warden Gonzales signed grievance # 2020119632 on July 17, 2020, the grievance response on two separate grievances. On the first one on Identification ID # it stated I-2647 then it was scratched out and put I2433. On the second on it had on the Step 1, Investigative ID # 12133. On the Step 2 grievance # 2020119632 it didn't have an Identification ID #. So M. Lewandowski falsified a grievance at the Central Grievance Office. The Step 1 and Step 2 were falsified, It took 115 days for it to be returned to me, All four TDCJ Officials put my life in Imminent Danger, Life Endangerment The handwriting will tell.

## VI. RELIEF:
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

I would like punitive damages and an Injunctive relief since you cant stop TDCJ Officials from doing these illegal things, I would like for the bond that gives them qualified immunity furefitted.

## VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

Anthony Ortiz, # 753367, Anthony Duncan # 211978

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

TDCJ-ID Anthony Duncan # 211978, Anthony Ortiz # 399154, Anthony Ortiz # 753367

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES ✓ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): _____

2. Case Number: _____

3. Approximate date sanctions were imposed: _____

4. Have the sanctions been lifted or otherwise satisfied? _____ YES _____ NO

C. Has any court ever warned or notified you that sanctions could be imposed? ✓ YES ___ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed warning (if federal, give the district and division): United States Court of Appeals

2. Case number: 19-20212     USDC No, 4:16-CV-3555

3. Approximate date warning were imposed: December ~~2020~~ 2019

Executed on: 9-15-20 _____        Anthony Ortiz # 753367
           (Date)                           (Printed Name)

                                      Anthony Ortiz # 753367
                                      (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this ~~2~~ 15th day of September _____, 20 20 ____.
           (Day)              (Month)              (Year)

                                      Anthony Ortiz # 753367
                                      (Printed Name)

                                      Anthony Ortiz # 753367
                                      (Signature of Plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

In The United States District Court

For The Southern District Of Texas

Houston Division


Anthony Ortiz #753367

Pack I Unit, 2400 Wallace Pack Rd.,                    COMPLAINT

Navasota, Texas - 77868                                Civil Action No.

    Plaintiff

        V

Bryan Collier, Executive Director of TDCJ.

Individually and in their official capacity

P.O. Box 99, Huntsville, Texas - 77342


Oscar Mendoza, Deputy Director of TDCJ

Individually and in their official capacity

P.O. Box 99, Huntsville, Texas - 77342


Lorie Davis, Correctional Institutions Division, Director

Individually and in their official capacity

Post Office Box 99, Huntsville, Texas - 77342


Alisha, Chile - Grievance Investigator; Investigator ID #12433

Individually and in their official capacity

Pack I Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868


Warden Robert D. Herrera, Warden of Pack I Unit

Individually and in their official capacity

Pack I Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868

Assistant Warden J.C. Gonzales, Assistant Warden to Pack 1 Unit
Individually and in their official capacity
Pack 1 Unit, 2400 Wallace Pack Rd. Navasota, Texas - 77868

Erica V. Hopkins, COV - Investigator ID# I2647
Individually and in their official capacity
Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868

Officer Tommy Ybarra COV.
Individually and in their official capacity
Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868

Lakisha S. Murphy, lieutenant on the Pack 1 Unit
Individually and in their official capacity
Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868

M. Lewandowski - Central Grievance Office
Individually and in their official capacity
Huntsville, Texas   P.O. Box 99, Huntsville, Texas - 77342

Brittney M. Tilley, Program Supervisor for Pack 1 Unit
Individually and in their official capacity
Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868

A. Correll, Supervisor For Central Grievance Office
Individually and in their official capacity
Huntsville, Texas, P.O. Box 99, Huntsville, Texas - 77342

## I. Jurisdiction & Venue (B)

1. This a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and RULE 65 of the Federal RULES of Civil procedure.

2. The United States District Court, For The Southern District of Texas, Houston Division is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. Plaintiff (C)

3. Plaintiff, Anthony Ortiz #753367, is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Corrections. He is currently confined in the Pack I Unit, 2400 Wallace Pack Rd., Navasota, Texas- 77868.

## III. Defendants (D)

4. Defendant, Bryan Collier, Executive Director of Texas Department of Corrections. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Pack I Unit, 2400 Wallace Pack Rd. Navasota, Texas- 77868.

5. Oscar Mendoza, Deputy Director of Texas Department of Corrections, He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Pack I Unit, 2400 Wallace Pack Rd. Navasota, Texas- 77868

6. Defendant, Robert D. Herrera, is the Warden of the Pack I Unit. He is legally responsible for the operation of the Pack I Unit and for the welfare of all the inmates in that prison.

7. Defendant, Lorie Davis, Correctional Institutions Division, Director, She is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Pack I Unit, 2400 Wallace Pack Rd. Navasota, Texas- 77868.

8. Defendant, J.C. Gonzales, Assistant Warden of the Pack 1 Unit. He is legally responsible for the operation of the Pack 1 Unit and for all the welfare of all the inmates in that prison

9. Defendant, Britney M. Tilley, Program Supervisor for the Pack 1 Unit. She is legally responsible for the operation of the Pack 1 Unit and for all the welfare of all the inmates in that prison.

10. Erica V. Hopkins, COV. Investigator ID#I2647, is a correctional officer of the Texas Department of Corrections who, at all times mentioned in this complaint, held the rank of COV. and was assigned to the Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas-77868

11. Alisha Chiles-Defendant, Grievance Investigator, Investigator ID#2433, is a correctional officer who, at all times mentioned in this complaint, held the rank of Grievance Investigator and was assigned to the Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas-77868

12. Defendant, Lakisha S. Murphy, Lieutenant on the Pack 1 Unit, is a correctional officer, who at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to the Pack 1 Unit, 2400 Wallace Pack Rd. Navasota, Texas-77868.

13. Defendant, Tommy Ybarra COV. is a correctional officer of the Texas Department of Corrections, who at all times mentioned in this complaint, held the rank of COV. and was assigned to the Pack 1 Unit, 2400 Wallace Pack Rd. Navasota, Texas-77868

14. Defendant, M. Lewandowski, Supervisor for Central Grievance Office, is a Correctional Officer who at all times mentioned in this complaint, held the rank of Supervisor for Central Grievance Office, Huntsville, Texas. P.O. Box 99, Huntsville, Texas-77342.

15. Defendant, A. Correll, Supervisor for Central Grievance Office, is a Correctional Officer who at all times mentioned in this complaint, held the rank of Supervisor for Central Grievance Office, Huntsville, Texas. P.O. Box 99, Huntsville, Texas-77342.

16. Each defendant is sued individually and in his (or her) official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## III Facts

17. This Detail will start with grievance # 2020119632, consisting of the Step 1 and Step 2. This will involve Alisha Chiles, Erica V. Hopkins, Assistant Warden J.C. Gonzales and M. Lewandowski.

On May 11, 2020 at approximately 10:00 a.m. Alisha Chiles and Erica V. Hopkins, the grievance investigators for the Pack 1 Unit came into E Building, 20 Dorm and came to my cubicle E20-04. They started harassing me about a grievance I filed on 3-19-20. This particular grievance was against other officers, but they wanted to know if it against extreme heat on the Pack 1 Unit. I said no it doesn't. Later on I will show how they manipulate the grievance system. On the grievance dated 3-19-20 is grievance # 2020118428 which was processed, time period has expired. I sent the original to Edwards Law Firm. Both Officers came to my cubicle not wearing gloves, face mask or shield. In an enclosed environment like the Pack 1 Unit, the way inmates catch the COVID-19 is the Officers bring it in. It is recorded on camera 16 and also on the camera on the south side dayroom. Both of the Officers violated a general rule of conduct and disciplinary violations. PD-22a. Reckless Endangerment Life Endangerment-Level 1 Violation: Committing or threatening to commit an act while at the workplace that endangers the life of another individual, while at the workplace of a nature that endangers the lives of others. Nobody came to get a statement from my witness, Shannon Mark Douthit # 453039, E20-05 bunk.

On the grievance response that J.C. Gonzales signed stated: Your grievance has been reviewed and investigated. There is insufficient evidence to support your allegations of any staff misconduct. You filed GV # 2020118428 alleging extreme heat, therefore you had to be interviewed due to the nature of your complaint. Grievance staff did have proper PPE which required a face mask. This one thing, I'm 100% certain of is no one has looked at the camera footage. On one I-60 I wrote to Assistant Warden J.C. Gonzales on 7-22-20 his response was Camera will reveal that Ms. Hopkins and A. Chile were both wearing a mask,

-5-

which was the proper PPE for that dorm on that date. Camera also reveals that at one point you took your mask off. That is also a lie because when they came to my bunk, I was laying down and I didn't have a mask on because its my cubicle. J.C. Gonzales is covering up for them. On the Step 2, M. Lewandowski. If you notice on the Step 1 and Step 2 that the grievance # 2020119632 with the Grievance Code 903 is in the same handwriting. This grievance had a 40 day extention from Central Grievance with the Investigator ID# 12133 on it. Now if it was in Huntsville, how did J.C. Gonzales sign it.

"Upon information and belief". On the Step 1, that I sent in on July 21, 2020 it come back on the grievance ID# I2647 I2433, I got a 40 day extention, I received the Step 1 70 days later. Remember this Step 1 is in the Central grievance office, anyway its supposed to be but J.C. Gonzales signed it. That is illegal. So I sent a copy of this grievance to Edward Law the next day and filed a Step 2 on 7-22-20. The grievance was closed on 8-6-20. From July 22, 2020 till I got the Step 2 back on Sep 3, 2020 is 43 day. That is also illegal. Another thing wrong with the Step 2 is M. Lewandowski. signed the grievance, without an Investigator ID# on it. That is illegal. When I got the Step 1 and Step 2 back on the Step 1 was changed. On the Investigator ID# 12133 was on it, and it still has J.C. Gonzales signature on it. Could a handwriting specialist check the grievance numbers on 2020119632 also grievance code 903 to see if one person signed both and also a chemical expert to see if there was some chemical to remove I2647 I2433. Anyway it is illegal for JC Gonzales to sign both Step 1.

18. This is concerning grievance# 2020155285. I also explained about the Step 1, I received back on grievance# 2020119632 on the Step 2 dated 8-2-20 where Erica V. Hopkins investigated her own grievance. Someone scratched I2647 and put I2433 on it. It took 115 days for grievance# 2020119632 to come back which is illegal. How would I have ever known they were switching identification numbers unless I saw it.

19. This is concerning grievance# 2020143204. Check both Step 1 and Step 2 and compare the handwriting on the grievance# 2020119632 and see if they are the same. This grievance is against Officer Tommy Ybarra COV, Lieutenant Lakisha S. Murphy, Warden Robert Herrera, and H.M. Pederson. On June 28, 2020, in 18 Dorm 42 bunk an inmate with the last name Jordan

who is now in DIS-01 bunk, tested positive on June 28, 2020. So E18 Dorm is on quarantine. On June 29, 2020, Officer Ybarra and Lieutenant Murphy at approximately 1:10 am., it is on camera on 18 Dorm, where both Officers came into E18 Dorm and threatened the kitchen workers with a case if they didn't got to work. Five inmates who were contaminated went into the kitchen to make the breakfast johnnies. They contaminated the entire Pack Unit putting everybody in Imminent Danger. Warden Robert Herrera didn't do anything about it.

20. This is concerning grievance# 2020151663. The Step 1 and Step 2 are against Warden Robert D. Herrera, Brittney Tilley, A. Correll and M. Lewandowski. When you test for COVID-19, you are suppose to stay in your living area until your tests come back because if one inmate should test positive, the dorm will be quarantined. Well on the Pack 1 Unit they don't care about protocal at all which I will prove. On July 10, 2020, the E20 Dorm got a COVID-19 test. On July 13, 2020, Warden Herrera and Brittney Tilley moved two inmates to another dorm before our COVID-19 tests returned. An inmate named Vince Warren tested positive on 7-16-20. The TDCJ Officials moved Onar Reed-E20-26 bunk and David Eibert on 7-13-20 to another dorm. On July 14, 2020 Onar Reed went home and on July 15, 2020 David Eibert went home both to contaminate the public. They had contaminated inmates working all over this Unit putting everybody from July 14 and July 15, 2020 in Imminent Danger, Life Endangerment. A. Correll agreed with the protocal and so did M. Lewandowski. This is the reason we keep getting positive results.

21. This is concerning grievance# 2021002014 which says Redundant, Refer to grievance# 2020170574, which I'll send grievance# 2020170574 when I get it back. This is against Warden Herrera, Asst. Warden J.C. Gonzales and Brittney Tilley. As of August 30, 2020 the entire E building is on quarantine, strict isolation impost to prevent the spread of the COVID-19 virus. A period of detention imposed upon the people suspected of carrying a contagious disease. The reason for this is on the Classification Committee. Policy 12.03: Impermisible Conduct and AD. Directive: 03.02: Impermissible Conduct. On August 19, 2020 we took the COVID-19 test on E20 Dorm. On the August 19, 2020 an inmate by the name of Kenneth Vodochooski #1362329

who lived in E20-44 bunk was moved to E18 Dorm to be Warden Herrera's Unit Artist. Robert Neal who was in E20-43 bunk tested positive for COVID-19 before they test came back they moved Kenneth Vodochooski to 18 Dorm. That put the entire Unit in Imminent Danger again. Now on 8-30-20, Kenneth Vodochoosky tested positive and also infected Bobby Schule and Brandon Rodriguez on 18 Dorm. This is evil intent.

22. The documents dated 7-22-20, 8-25-20, 8-28-20 and 9-2-20 are in with grievance #2020119632.

## IV. Exhaustion Of Legal Remedies

23. Plaintiff, Anthony Ortiz #753367 used the prisoner grievance procedure available at the Rock I Unit to try and solve the problem. On grievance #2020119632, #2020155285, #2020143204, #2020151663, and #2021002014. On grievance #2020119632 I filed it on 5-12-20. On grievance #2020155285 I filed on 7-24-20. On grievance #2020143204 I filed on 6-30-20. On grievance #2020151663 I filed on 7-17-20 and on grievance #2021002014 I filed on 9-4-20 Plaintiff Anthony Ortiz #753367 presented the facts relating to this complaint. On grievance #2020-119632 on 7-17-20 plaintiff Anthony Ortiz was sent a response saying that the grievance has been denied. On date filed appeal 7-22-20, he or she M.Lewandowski appealed the denial of the grievance. On grievance #2020155285 the day I got a response it was denied. On 8-2-20 I filed an appeal and was denied. On grievance #2020143204 on July 7, 2020, plaintiff, Anthony Ortiz was sent a response saying that the grievance has been denied. I filed an appeal on 7-8-20 and he or she appealed the denial of the grievance. On grievance #2020151663 on 7-30-2020 plaintiff Anthony Ortiz was sent a response saying the grievance has been denied. On 7-31-20 I filed an appeal. He or she appealed the denial of the grievance. On grievance #2021002014 on 9-4-20 plaintiff, Anthony Ortiz was sent a response: Redundant, Refer to grievance #2020170574. They don't allow you to appeal redundant.

## V. Legal Claims (6)

24. Plaintiff reallege and incorporate by reference paragraphs 1-23, this how many paragraphs it took.

25. The violation Prison Officials violate the Eighth Amendment when they act with deliberate indifference to a prison condition that exposes a prisoner to an unreasonable risk of serious harm or deprives a prisoner of a basic human need. Anthony Ortiz #753367 rights and constituted Cruel and Unusual Punishment, a due process violation under the Constitutional Amendment at issue, the Eighth Amendment to the United States Constitution.

26. The Plaintiff, Anthony Ortiz #753367 has no plain, adequate or complete remedy at law to redress the wrong described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VI Prayer For Relief (H)

27. Wherefore, plaintiff respectfully prays that this court enter judgement granting plaintiff;

28. A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution and laws of the United States.

29. A preliminary and permanent injunction ordering defendants, Bryan Collier, Oscar Mendoza, Lorie Davis, Alisha Chile, Robert D. Herrera, J.C. Gonzales, Erica V. Hopkins, Tommy Ybarra, Lakisha S. Murphy, M. Lewandowski, Brittney M. Tilley, A. Correll to stop all inmates on the Pack 1 from moving or working period until this Corona Virus Epidemic is over, but since they are not going to do that I would like the bond that gives officer qualified immunity forfeited.

30. Punitive Damages in the amount of $100,000.00 against each defendant. To get Punitive damages, I need to show that the defendants actions were "motivated by evil motive or intent" or involved "reckless or callus indifference to your rights" It was clearly dangerous, they must have known I would get hurt. Example: Grievance # 2020119632.

31. A jury trial on all issues triable by jury.

32. Plaintiffs cost in this suit.

33. Any additional relief this court deems just, proper and equitable.

Dated: 9-15-20

                              Respectfully Submitted,
                              Anthony Ortiz #753367
                              Anthony Ortiz #753367
                              Pack 1 Unit
                              2400 Wallace Pack Rd.
                              Navasota, Texas - 77868


                    Verification


   I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Navasota, Texas
  on 9-15-20

                              Signature
                              Anthony Ortiz #753367
                              Anthony Ortiz #753367
                              Pack 1 Unit
                              2400 Wallace Pack Rd.
                              Navasota, Texas - 77868

2. On grievance # 2020143204. On June 29, 2020 at approximately 12:20 A.M. on the Pack 1 Unit on E building 18 Dorm. Lieutenant Lakisha S. Murphy and Officer Tommy Ybarra came to 18 Dorm to pick up the kitchen workers. Lieutenant Murphy stated if you don't go to work you will get a case. The 18 Dorm is on quarantine. The inmates on 18 dorm made the breakfast johnnies for the entire Pack 1 Unit. The johnnies were automatically contaminated so there is no telling how many inmates turned positive after that. Both Officers automatically put me in Imminent Danger, Life Endangerment since I am 68 years old and also a Diabetic. Warden Robert Herrera signed the grievance

response on July 07, 2020, so he knew they put the entire pack Unit in Imminent Danger of catching the COVID-19 virus and could die. Then on the Step 2 grievance # 2020143204, H.M. Pederson agreed with Warden Herrera's response and all from the Central Grievance Office on July 21, 2020 and also put the entire Pack 1 Unit in Imminent Danger, Life Endangerment.

3. On grievance # 2020151663. Warden Robert D. Herrera, Brittney M. Tilley, Program Supervisor I Erica V. Hopkins, COV Investigator ID # 2647, Alisha K Chiles were involved on July 10, 2020 we the inmates on E Building 20 Dorm were tested for COVID-19. We got our test results back on July 16, 2020. Before we get tested, if you turn up positive on July 16, 2020, that means you were already positive on July 10, 2020. Well Vince Warren tested positive on July 16, 2020. Ms. Tilley moved two inmates on July 13, 2020 to other dorms so that contaminated two other dorms. On inmate went home on 7-14-20 and the other went home on 7-15-20 further contaminating the Public. Warden Herrera had the entire E 20 Dorm working on the who Unit before the COVID-19 tests returned. These TDCJ Officers put the Entire Pack 1 Unit in Imminent Danger, Life Endangerment. M. Lewandowski, from Central Grievance Office agreed with Robert Herrera's response so their statement also put the entire pack 1 Unit in Imminent Danger, Life Endangerment on Aug. 12, 2020

4. This grievance #2020155285 shows on grievance #202011963 2 that Assistant Warden J.C. Gonzales signed an illegal grievance which should have been signed by A. Correll.

And also about a grievance #2020118428 that Erica V. Hopkins and Alisha Chiles kept for 53 days without processing it and also on grievance #2020119632 they put my life in Imminent Danger, Life Endangerment

5. Bryan Collier, Executive Director of TDCJ, Oscar Mendoza, Deputy Director of TDCJ and Lorie Davis-Correctional Institutions Director knows that the TDCJ Officials aren't using the protocals to try and stop the spread of COVID-19 which they are their supervisors. Now they put me in Imminent Danger, Life Endangerment, because I'm 68 years old and also a diabetic. If I caught COVID-19 I'll probably die. All of the defendants in this case violated my Eighth Amendment Rights. Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prison condition that exposes a prisoner to an unreasonable risk of serious harm or deprives

a prisoner of a basic human need.

6. A. Correll, Supervisor at Central Grievance Office signed grievance #2020151663 and violated my Eighth Amendment rights by subjecting me to COVID-19 when he wasn't supposed to. On his statement it shows he doesn't care

7. On grievance #2021002014 for #9. Redundant Refer to grievance #2020170574. I will send that grievance in when I get it but this one is already in. This is one that put my life in Imminent danger, Life Endangerment because of Alisha Chiles, Asst. Warden J.C. Gonzales, Warden Robert Herrera, and Brittney M. Tilley. These TDCJ Officials violate the Eighth Amendment when they act with deliberate indifference to a prison condition that exposes a prisoner to an unreasonable risck of serious harm or deprives a prisoner of a basic human need. I can see it as an accident one time but continuing to do this during the COVID-19 virus

# Texas Department of Criminal Justice

## STEP 1

## OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2020119632

Date Received: MAY 12 2020

Date Due: 6-21-20

Grievance Code: 903

Investigator ID #: 12133

Extension Date: 7/3/20    JUL 21 2020

Date Ret'd to Offender:

Offender Name: Anthony Ortiz    TDCJ # 3367

Unit: Pack 1 Unit    Housing Assignment: E20-04

Unit where incident occurred: Pack 1 Unit

Emergency Grievance

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Sargeant Ballard    When? 5-12-20

What was their response? Write a grievance

What action was taken? Wrote a grievance

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This grievance is against A. Chiles and Erica V. Hopkins, the Pack 1 Unit Grievance Investigators. I am sending an original grievance about the same grievance to Oscar Mendoza, the Assistant Director of TDCJ. Excerpt from PD-22, General Rules Of Conduct and Disciplinary Action Guidelines For Employees which they should have followed. RULE No. 5: Reckless Endangerment: Employees must perform their duties in such a manner that the Agency derives the optimum benefit from their services. Any act or conduct on the part of an employee which endangers the lives or safety of the employee or others, jeopardizes security, or seriously impedes the efficient and effective operation of or is substantially detrimental to the Agency is prohibited. RULE NO. 22: Harassing or Retaliating Against Another: Employees are prohibited from harassing or retaliating against another in any form or for any reason.

On May 11, 2020 at approximately 10:00 am, Officer A. Chiles and Erica V. Hopkins, the grievance investigators for the Pack 1 Unit came into E Building, 20 Dorm and came to my cubicle E20-04. They started to harass me about a grievance I filed on 5-8-20. Both Officers are trying to cover up Destroying Evidence of three (3) grievances I filed on 3-19-20, 3-20-20, and 3-30-20. All three were processed with grievable time has expired. On the grievance dated on 3-19-20 they both came to my cubicle, not wearing and disregarding TDCJ protocol to harass me about a grievance. Since the Officers can bring the Corona Virus to an enclosed environment like the Pack 1 Unit, they both endangered my life by coming straight to my cubicle without wearing gloves, face masks or shields to cover their face. This is definitely prohibited. Especially since all they were doing was harassing me. The grievance number is 2020118428 which was processed time period has expired. They didn't have to come to my cubicle for that. They did this on purpose. It is all on camera and I have a few witnesses. One is Shannon Mark Douthit #453033. They asked me about the extreme heat which had nothing to do with the grievance. They just came to my cubicle and put my life in danger. I am sending a grievance to Oscar Mendoza, Assistant Director of T.D.C.J. because this entire episode is on video.

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

United States Courts
Southern District of Texas
FILED

SEP 16 2020

David J. Bradley, Clerk of Court

Appendix F

_____

_____

_____

_____

cc: Oscar Mendoza, Assistant Director )DCJ
     P.O. Box 99
     Huntsville, Texas - 77340

_____

Action Requested to resolve your Complaint. Have Oscar Mendoza, Asst. Director of TDCJ resolve this complaint.

Offender Signature: Anthony Ortiz # 753367 _____ Date: 5-12-20

Grievance Response:

**Your grievance has been reviewed and investigated. There is insufficient evidence to support your allegations of any staff misconduct. You filed GV #2020118428 alleging extreme heat therefore you had to be interviewed due to the nature of your complaint. Grievance staff did have on the proper PPE which required a face mask.**

Signature Authority: _____ Date: 7/17/2020

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because: Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority:_____

**OFFICE USE ONLY**

Initial Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F



**Texas Department of Criminal Justice**

# STEP 2    OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2020119632

UGI Recd Date: JUL 23 2020

HQ Recd Date: 7-23-20

Date Due: 8-7-20

Grievance Code: 930/903

Investigator ID#:

Extension Date:

Offender Name: Anthony Ortiz    TDCJ # 753367

Unit: Pack 1 Unit    Housing Assignment: E20-04

Unit where incident occurred: Pack 1 Unit

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

Assistant Warden Gonzales stated on the Step 1 on grievance #2020119632 response: "Your grievance has been review and investigated. You filed grievance #2020118428 alleging extreme heat, therefore you had to be interviewed due to the nature of your complaint. Grievance staff did have on the proper PPE which required a face mask." Now Assistant Warden Gonzales violated PD-22, Rule No.10- Falsification of Records and RULE No. 27- Failure to Turn in all Evidence Seized. The first thing on grievance #2020118428 wasn't about Extreme heat, it was about A.Chiles and Erica V. Hopkins investigation involving Lukman Belo COV grievance #2019131416 and #2019170862 and also Adeniyipadeola Adepeju COV and grievance #2019177705. Also for stating on the grievance response about grievance #2020118428 alleging extreme heat therefore you had to be interviewed due to the nature of your complaint. Erica v. Hopkins brought A.Chiles to my cubicle just to see who I was and introduced me to her. That was just an excuse. I am going to state what started the grievance #202118428. "I have a case in the United States District Court for the Fifth Circuit, Case No.19-20212, U.S.D.C. No.4:16-cv-03555, F. Edward Hebert Building, 600 S. Maestri Place, New Orleans, Louisiana, 70130-3408, which Brian Collier, Director of TDCJ is one of the Defendants. The grievance that started the (1983) is grievance #2016194129 and also grievance #2016198216 by another Defendant named Sharon Boniaby. You might want to read both of them. This is also about a case of extreme heat inside the Pack 1 Unit and a deprivation of a constitutional right is involved. Erica V. Hopkins, A.Chiles and Assistant Warden Gonzales also violated Penal Code 38.10, falsifying a government dockument. Now RULE No. 27- Failure to Turn in all Evidence Seized. First the evidence of Camera 16 and the Camera in the South Dayroom which clearly shows A.Chiles and Erica V. Hopkins standing not more than a foot from my face on May 11, 2020 at approximately

10 AM., without wearing gloves, a face mask or face shield. Also an inmate by the name of Shannon Mark Douthit #453033 who lives in E-20-05 right beside my bunk E20-04. Check out the witness statement that Assistant Warden Gonzales forgot which comes under RULE No. 27-Failure to turn in all evidence seized. Shannon Mark Douthit #453033 was a witness which no on questioned him. So Asst. Warden Gonzales violated Rule No 10. Falsification of Records

Offender Signature: Anthony Ortiz # 753367         Date: 7-22-20

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. You were appropriately advised at Step 1 level. Please refer to that response. No evidence of staff misconduct or policy violations were found. No further action warranted by this office.

Signature Authority: _M. LEWANDOWSKI_      Date: AUG 0 6 2020

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

**Initial Submission**      CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd: _____

(check one) ____Screened _____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**2nd Submission**      CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____Screened _____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**      CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____Screened _____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)          Appendix G

*Accept as original*

## Texas Department of Criminal Justice

# STEP 1

### OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: __Anthony Ortiz__  TDCJ # __753367__

Unit: __Pack 1 Unit__  Housing Assignment: __Pack 1 Unit E20-04__

Unit where incident occurred: __Pack 1 Unit__

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? __Sent an I-60 to Asst. Warden Gonzales__  When? __7-22-20__

What was their response? __None__

What action was taken? __Wrote a grievance__

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

   This grievance is against Assistant Warden Gonzales of the Pack 1 Unit. Excerpt from PD-22, General Rules of Conduct and Disciplinary Action Guidelines for Employees which he should have followed. RULE No. 8: Failure to Follow Proper Safety Procedures - Employees are required to observe and enforce current Agency policies and State and Federal laws relating to safety in the work place. RULE No. 10: Falsification of Records - Employees are required to maintain and submit truthful, accurate, and complete records as required by the Agency. Falsification of records also includes altering documents to reflect false information or the omission of material information. By signing or submitting a document, an employee is attesting to the truthfulness, accuracy and completeness of the information presented. Also violated Penal Code 38.10, Falsifying a government document and not only that but violated Lorie Davis mission statement "Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.

   On the Step 1 grievance #2020119632 the response from Asst. Warden Gonzales took exactly 70 days to come up with a complete lie which is a Falsification of records. Erica V. Hopkins used the excuse on grievance #2020118428 alleging extreme heat, therefore you had to be interviewed due to the nature of your complaint. I will state this, Assistant Warden Gonzales never read grievance #2020118428 filed on 3-19-20, because the grievance wasn't about extreme heat. It was about Erica V. Hopkins non-investigation process. She never investigated grievance #2019131416, 2019170862 and 2019177705. Also Asst. Warden Gonzales never looked at the tape from Camera 16 on May 11, 2020 at approximately 10:00 AM to view the scene of Erica V. Hopkins and A. Chiles at my cubicle within one foot of my face where neither one of the grievance officers were wearing gloves, face mask or a face shield. This is violating RULE No. 8: Failure to Follow Proper Safety Procedures. Also on the film you can see Erica V. Hopkins introducing me to A. Chiles.

---

I-127 Front (Revised 11-2010)  YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM  (OVER)

Appendix F

Received this on Sep 03, 2020

AUG 0 5 2020

Since I have never met her they both used a grievance that was dated on 3-19-20, to use as an excuse to meet me face to face. Then that particular grievance was #2020118428 which was finally marked grievable time has expired, dated 5-11-20 which was sent to me and it took the grievance investigators 53 days to come up with "grievable time has expired. That proves beyond a shadow of doubt that they didn't process the grievance. That makes Asst. Warden Gonzales a witness to the sabotage efforts of Erica V. Hopkins grievance procedures. Also Asst Warden Gonzales had 70 days to get a witness statement which will also violate Rule No. 27; Failure to Turn in all Evidence Seized. The witness is Shannon Mark Douthit #453033. On grievance #2020118428 was turned in on 3-19-20 so Erica V. Hopkins just held it to 5-11-20. It is on record that she purposely sabotaged the grievance procedure on purpose. It is on computer.

Action Requested to resolve your Complaint. To resolve this complaint send it to Risk and Safety Review. Comply with A.D. 3-82 grievance procedure.

Offender Signature: Anthony Ortiz # 753367           Date: 7-24-20

Grievance Response:

---

Signature Authority: _____          Date: _____
If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☒ 9. Redundant, Refer to grievance # 2020119632
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: T. Oniz Ortiz

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

1-127 Back (Revised 11-2010)

OFFICE USE ONLY
Initial Submission     UGI Initials: ____
Grievance #: 2020155285
Screening Criteria Used: 09(999)
Date Rec'd from Offender: JUL 27 2020
Date Returned to Offender: JUL 27 2020
2nd Submission     UGI Initials: ____
Grievance #: ____
Screening Criteria Used: ____
Date Rec'd from Offender: ____
Date Returned to Offender: ____
3rd Submission     UGI Initials: ____
Grievance #: ____
Screening Criteria Used: ____
Date Rec'd from Offender: ____
Date Returned to Offender: ____

Appendix F



# Texas Department of Criminal Justice

# STEP 2 OFFENDER GRIEVANCE FORM

Offender Name: Anthony Ortiz    TDCJ # 753367

Unit: Pack1 Unit    Housing Assignment: E20-04

Unit where incident occurred: Pack1 Unit

OFFICE USE ONLY

Grievance #: _____

UGI Recd Date: AUG 0 4 2020

HQ Recd Date: _____

Date Due: _____

Grievance Code: _____

Investigator ID#: _____

Extension Date: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

This Step 2 is concerning the Step 1 that I filed on 7-24-20. They have already lost the grievance that was the original grievance. Non of the grievances that are filed on the Pack 1 are ever done by the TDCJ grievance system. I'm filing a Step 2 to explain why. T. Ortiz the new grievance investigator on this grievance #2020155285 put this answer #9: Redundant, Refer to grievance #2020119632, was because he doesn't want this grievance to be investigated. On the Step 1 grievance #2020119632, the grievance response that was signed by Assistant Warden Gonzales wasn't due to his investigation skills because it was Erica V. Hopkins who investigated her own grievance. The Asst. Warden Gonzales scratched through Erica V. Hopkins Investigator ID# and typed in the Response that Erica V. Hopkins already typed into the response that Asst. Warden Gonzales signed. He never looked at the video and I also have the response he put on the I-60 I sent in. So Asst. Warden Gonzales lied on everything. Rule No.10- Falsification of Records. Everything having to do with grievance #2020119632 is a complete lie.

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

AUG 0 5 2020

_____
_____
_____
_____

**Offender Signature:** Anthony Ortiz # 753367      **Date:** 8-2-20 _____

**Grievance Response:**







**Signature Authority:** _____     **Date:** _____

**Returned because:**     *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***


**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**      **CGO Initials:** _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**2ⁿᵈ Submission**      **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3ʳᵈ Submission**      **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

# Texas Department of Criminal Justice

## STEP 1

# OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2020143204

Date Received: JUL 01 2020

Date Due: 7-16-20

Grievance Code: 930/812

Investigator ID #: I2433

Extension Date: _____

Date Retd to Offender: JUL 07 2020

Offender Name: Anthony Ortiz ___ TDCJ # 753367

Unit: Pack 1 Unit ___ Housing Assignment: E20-04

Unit where incident occurred: Pack 1 Unit

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? ___ Officer Ybarra ___ When? 6-29-20

What was their response? They need to go to work

What action was taken? Wrote a grievance

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This Grievance is against Lieutenant Murphy and Officer Ybarra. Excerpt from PD-22, General Rules of Conduct and Disciplinary Action Guidelines for Employees which they should have followed. RULE No. 5: Reckless Endangerment: Employees must perform their duties in such a manner that the Agency derives the optimum benefit from their services. Any act or conduct on the part of an employee which endangers the lives or safety of the employee or others, jeopardizes security, or seriously impedes the efficient and effective operation of or is substantially detrimental to the Agency is prohibited. RULE No. 13: Failure to Obey a Proper Order from an Authority: Employees are required to promptly obey and proper order issued by an authority. Proper orders are not limited to verbal instructions; they also include written policy, procedures, statutory authority, and instructions posted on employee bulletin boards. A proper order is defined as any order issued in connection with a work-related issue and that is in the best interest of the Agency.

On June 29, 2020, Officer Ybarra came to pick up Kitchen Worker from 18 Dorm. Since they had an inmate who tested positive, that automatically put 18 Dorm on Quarantine. Officer Ybarra didn't care about that, he wanted some workers. At around 12:20 am on 6-29-20 he couldn't get any workers to come out so he got on the phone and called someone, then he hung the phone up and left. At approximately 1:10 am. on 6-29-20, Lieutenant Murphy and Officer Ybarra went into E18 Dorm. They had the lights turned on, then Lieutenant Murphy went and threatened the Kitchen Workers with a case if they didn't go to work. Five inmates from 18 Dorm went to work in the Kitchen. Since the five inmates are on a dorm who are quarantined, Lieutenant Murphy and Officer Ybarra refused to obey a proper order from an Authority because later on the inmates were brought back to 18 Dorm after making johnnies. Lieutenant Murphy and Officer Ybarra put every inmate on the Pack 1 Unit in Imminent Danger because all 5 inmates were exposed to a positive COVID-19 virus. Now when they make the johnnies they automatically contaminated the johnnies. What if one inmate within the next 14

---

I-127 Front (Revised 11-2010) **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** (OVER)

Appendix F

days catches the COVID-19 virus and dies, that will put his death on Lieutenant Murphy and Officer Ybarra and my witness is the camera's in 18 Dorm. and also Richard King.

_____

_____

_____

_____

_____

_____

_____

**Action Requested to resolve your Complaint.** Report this to Risk and Review Management

**Offender Signature:** Anthony Daly #753367                    **Date:** 6-30-20

**Grievance Response:**

**Your grievance has been received and investigated. Unit Administration has been made aware and any action deemed necessary will be taken. No further action warranted at this time.**

**Signature Authority:** _____    **Date:** JUL 07 2020

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**        **\*Resubmit this form when the corrections are made.**

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**2nd Submission**        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**3rd Submission**        UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F



**Texas Department of Criminal Justice**

# STEP 2

### OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2020143204

UGI Recd Date: JUL 0 9 2020

HQ Recd Date: 7-9-20

Date Due: 7-24-20

Grievance Code: 930/812

Investigator ID#: 12448

Extension Date: _____

Offender Name: Anthony Ortiz   TDCJ # 753367

Unit: Pack 1 Unit   Housing Assignment: E20-04

Unit where incident occurred: Pack 1 Unit

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

Lieutenant Murphy and Officer Ybarra disobeyed and put the entire Pack 1 Unit in Imminent Danger by not following a Prohibited Rule from Excerpt from P.D.-22, RULE No. 13: Failure to Obey a Proper Order from an Authority. I kind of wonder what Warden Robert Herrera means by Unit Administration has been made aware and any action deemed necessary will be taken. It's a wonder because both Officers are working on their regular jobs. The damage has already been done. I know they are not going to do anything to the Officers for having quarantined inmates make our johnnies for the entire pack unit. Do you know that they have had a few COVID-19 patients leave in an ambulane since that day.

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

_____

_____

_____

_____

_____

**Offender Signature:** Anthony Ong #753367      **Date:** 7-8-20

**Grievance Response:**

An investigation has been conducted into your claims of staff misconduct. Statements from staff have been obtained & reviewed and corrective action will be taken if any rule violations are confirmed.   No further action warranted by this office.

*H. M. Pederson*

**Signature Authority:** _____    **Date:** _____ JUL 2 1 2020

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
| --- | --- |
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ___ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender:_____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd:_____ | |
| (check one) ___ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd:_____ | |
| (check one) ___ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |



*Accept as Original*

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

**ACCEPT AS ORIGINAL**

**OFFICE USE ONLY**

Grievance #: 2020151663

Date Received: JUL 20 2020

Date Due: 08/04/20

Grievance Code: 900

Investigator ID #: I-26047 1433

Extension Date:

Date Ret'd to Offender: JUL 30 2020

Offender Name: **Anthony Ortiz**        TDCJ # 1533561

Unit: **Pack I Unit**        Housing Assignment: **F20-04**

Unit where incident occurred: **Pack I Unit**

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? **Sent an I-60 to Warden Robert Herrera**        When? **7-16-20**

What was their response? **None**

What action was taken? **Wrote a grievance**

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This grievance is against Warden Robert Herrera and Head of the Classification Committee, Ms. Tilley. Excerpt from P.D.-22, General Rules Of Conduct and Disciplinary Action Guidelines for Employees which they should have followed. RULE No. 5 - Reckless Endangerment - Employees must perform their duties in such a manner that the Agency derives the optimum benefit from their services. Any act or conduct on the part of an employee which endangers the lives or safety of the employee or others, jeopardizes security, or seriously impedes the efficient and effective operation of or is substantially detrimental to the Agency is prohibited. The definition for prohibited is: to forbid by authority or law. RULE No. 43: On and Off - Duty Conduct - Any action on the part of an employee that jeopardizes the integrity or security of the Agency's institutions, calls into question the employee's ability to perform effectively and efficiently in his or her position, or casts doubt upon the integrity of the employee is prohibited.

On July 10, 2020, we on 20 Dorm got a COVID-19 test. Both of the Authority figures on the Pack 1 Unit, Warden Robert Herrera and Ms. Tilley, head of classification disregarded Lorie Davis's Mission Statement regarding the results of our COVID-19 test from July 10, 2020. Lorie Davis's statement from the COVID-19 tests states: Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime. On July 13, 2020, Ms. Tilley moved two inmates to another dorm before our COVID tests came back. She moved them before the final tests came back on 7-16-20, where an inmate by the name of Vince Warren tested positive for COVID-19 on 7-16-20. On the inmates who were moved before our COVID-19 test returned, one went home on 7-14-20 and the other one went home 7-15-20. Lorie Davis statement: Our mission is to provide public safety. What about sending inmates to the public who are contaminated. Now the test results for the final inmate was on 7-16-20. Warden Robert Herrera violated the COVID-19 protocol, by letting the inmates go to work

I-127 Front (Revised 11-2010)        YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM        (OVER)

Appendix F

before the test results came back. The Authority figure, Warden Robert Herrera put every inmate to work on 20 Dorm. He put in Imminent Danger by putting contaminated inmates in the kitchen to make johnnies for the whole Unit. On the COVID-19 video it stated while you are on isolation you are to stay in living area till your COVID-19 tests are returned. He had inmates on the 20 Dorm working in the kitchen, Laundry, boiler room, hall janitors, Seg Janitors, Medical Orderlies, and inside yard squad on July 14, 2020 and July 15, 2020. They worked till 1:00 P.M. on 7-16-20 when Vince Warren tested positive. Shannon Mark Doumit # ~~453033~~ 453033 worked in the Laundry on 7-14-2020, 7-15-2020 and 7-16-2020 and he is one of my witnesses.

Action Requested to resolve your Complaint: Report this to Administrative Review and Risk Management

Offender Signature: Anthony Ortiz # 753367     Date: 7-17-20

Grievance Response:

**Your grievance has been received and investigated. Per Unit Administration moves are limited unless there is a conflict in the dorm or maintenance issues. The Pack Unit is following protocol and policy set forth by TDCJ regarding COVID-19. No further action warranted at this time.**

Signature Authority: A Corall A Lee     Date: 7/20/2020

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:    *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #___
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

| Initial Submission | UGI Initials: |
| --- | --- |
| Grievance # | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| **2nd Submission** | UGI Initials: |
| Grievance # | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| **3rd Submission** | UGI Initials: |
| Grievance # | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

Appendix F



ACCEPT AS
ORIGINAL
**Texas Department of Criminal Justice**

# STEP 2 OFFENDER
GRIEVANCE FORM

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | 2020151663 |
| UGI Recd Date: | AUG 0 3 2020 |
| HQ Recd Date: | 8-3-20 |
| Date Due: | 8-18-20 |
| Grievance Code: | 930 |
| Investigator ID#: | 10742 |
| Extension Date: | |

Offender Name: Anthony Ortiz TDCJ # 753367

Unit: Pack 1 Unit Housing Assignment: E20-04

Unit where incident occurred: Pack 1 Unit

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because.*

It stated on the grievance response: Per Unit Administration moves are limited unless there is a conflict in the dorm or maintenance issues. The Pack Unit is following protocals and policy set forth by TDCJ regarding COVID-19. A. Correll lied about following protocals and policy set forth by TDCJ regarding CCVID-19. First of all on the VIDEO we watch every-day stated while you are on isolation you are to stay in living area till your COVID-19 tests are returned. Warden Robert Herrera had inmates on 20 Dorm working in the kitchen, laundry, boiler room, hall janitors, Seg Junitors, Medical Orderlies, and Inside yard squad on July 14, 2020 and July 15, 2020. We were already on Isolation. Warden Herrera put everybody in Imminent Danger especially since he let contaminated inmate make the johnnies for the entire Pack 1 Unit. The last COVID-19 test came back with an inmate named Vince Warren tested positive on 7-16-20. We all took our test on July 10, 2020. This make Ms. Tilley guilty of moving two inmates out of 20 Dorm on July 13, 2020. They were both contaminated. This had nothing to do with a conflict in the dorm or maintenance issues. Ms. Tilley disregarded Lorie Davis mission statement completely. She stated our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime. Ms. Tilley moved them while they were already contaminated with the COVID-19. On July 13, 2020, Ms. Tilley moved Onar Reed - E20-26 bunk and David Eibert to another Dorm. On July 14, 2020, Onar Reed was sent home and July 15, 2020, David Eibert was also sent home. That is definately following protocal sending contaminated inmate to the public for safety

I-128 Front (Revised 11-2010) **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** (OVER)

Appendix G

_____
_____
_____
_____
_____

**Offender Signature:** _Cynthny C J # 753367_     **Date:** _7-31-20_

**Grievance Response:**

Your Step 2 Grievance has been investigated by this office.  You were appropriate advised at the Step 1 level no evidence was found to substantiate your allegations of staff misconduct.  Multiple protocols are in place to mitigate the spread of the Corona Virus Disease 2019 (COVID-19).  Unit administration is monitoring facility operations to ensure all directives and guidelines are being followed.  Any changes to current protocols will be implemented at the direction of leadership.  Your concerns are noted and of importance to the agency.  Be reminded, every effort is being made to ensure offenders' needs are being met along with the safety of both offenders and staff.  Based on the information available at this time, no further action is warranted.

**Signature Authority:** _ML_     M. LEWANDOWSKI    **Date:** AUG 1 2 2020

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1.  Grievable time period has expired.

☐ 2.  Illegible/Incomprehensible.*

☐ 3.  Originals not submitted. *

☐ 4.  Inappropriate/Excessive attachments.*

☐ 5.  Malicious use of vulgar, indecent, or physically threatening language.

☐ 6.  Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**     **CGO Initials:** _____

Date UGI Rec'd:_____

Date CGO Rec'd:_____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**2ⁿᵈ Submission**     **CGO Initials:** _____

Date UGI Rec'd:_____

Date CGO Rec'd:_____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: ___ _____

**3ʳᵈ Submission**     **CGO Initials:** _____

Date UGI Rec'd:_____

Date CGO Rec'd:_____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: ___ _____

# Texas Department of Criminal Justice

# STEP 1 OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
| --- |
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

Offender Name: **Anthony Ortiz**          TDCJ # **753367**

Unit: **Pack 1 Unit**     Housing Assignment: **E20-04**

Unit where incident occurred: **Pack 1 Unit**

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? **Sent an I-60 to Assistant Warden Gonzales**     When? **8-31-20**

What was their response? **No response**

What action was taken? **Wrote a grievance**

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

It is the employees responsibility to know the rules listed in the employees general rules of conduct and disciplinary violations. This grievance is against Warden Robert D. Herrera, Assistant Warden J.C. Gonzales and Brittney M. Tilley which consists of the Classification Committee. RULE No. 5g: Reckless Endangerment - Violation Level 1: Committing or threatening to commit an act while at the workplace that endangers the life of another individual or of a nature that endangers the lives of others. RULE No. 22 b: Harassing or Retaliating against an Offender for Participating in an Official Investigation/Inquiry or for Pursuing Legal Activities (i.e. petitions the courts) Violation Level 1. NOTE: Dismissal shall be recommended for a level 1 violation. Only the Executive Director, Deputy Executive Director or the appropriate Division Director is authorized to impose a less severe disciplinary action. A Reprimanding Authority may submit a recommendation for retention of an employee who has committed a level 1 violation. The recommendation shall be attached to the PERS 186, Dismissal Recommendation/Action form for consideration by the Executive Director, Deputy Executive Director or the appropriate Division Director.

As of August 30, 2020, the entire E Building is on quarantine, strict isolation imposed to prevent the spread of the COVID-19 disease. A period of detention imposed upon the people suspected of carring a contagious disease. The reason for this is on the Classification Committee is TDCJ Policy 12.03: Impermisible Conduct and Administrative Directive-03.02: Impermissible Conduct. I am going to start my summary on the date of 8-30-20. An inmate by the name of Kenneth Vodochooski #1362329, tested positive for COVID-19 while he was incarcerated on the Pack 1 Unit in E Building, 18 Dorm. This particular inmate was transferred from E Building 20 Dorm 43 bunk on August 19, 2020 after we took the COVID-19 test. The Classification Committee doesn't care about TDCJ protocals especially when they need an inmate who works as a Unit Artist. On the date of 8-21-20 an inmate who lived next door to Kenneth Vodochooski who lived in E20-44 bunk was inmate Robert Neal tested positive. So moving Kenneth Vodochooski before the COVID-19 test came back put the entire Pack 1 Unit in Imminent Danger and possibly loss of life. E18 Dorm wasn't put on quarantine

---

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     SEP 0 4 2020   (OVER)

Appendix F

for the move. E18 Dorm was automatically contaminated for the move. The Classification Committee let the E18 Dorm leave the dorm and work. They even made the johnnies for the entire Pack Unit with contaminated worker. E18 Dorm was negative until Kenneth Vodochoosky who lived in E20-43 bunk right next door to Robert Neal who lived in E20-44 bunk and tested positive on 8-21-20. Now on 8-30-20 Kenneth Vodochoosky tested positive and infected two(2) other inmates on E18 Dorm, Bobby Carlos Schule and Brandon Rodriguez also tested positive. Also on E17 and E19 Dorm, inmates tested positive on 8-30-20. Because of the move of Kenneth Vodochoosky, the Classification Committee which consists of Brittney Tilley, Assistant Warden J.C. Gonzalas and Warden Robert Herrera put me and the entire Pack 1 Unit in Imminent Danger and possible loss of life by exposing us to COVID-19. This is evil intent. SEP 0 4 2020

**Action Requested to resolve your Complaint.** I would like to have a copy of the PERS-186, Dismissal Recommendation, Action Form

**Offender Signature:** Anthony Ortz #753367      **Date:** 9-4-20

**Grievance Response:**

**Signature Authority:** _____     **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☒ 9. Redundant, Refer to grievance # 2020170574
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission    UGI Initials: AC

Grievance #: 2020 2021002014

Screening Criteria Used: 09

Date Recd from Offender: SEP 0 4 2020

Date Returned to Offender: SEP 0 4 2020

**2nd Submission**    UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**3rd Submission**    UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I have a firm belief that you destroyed my Step 1 and Step 2 grievance #2020119632. This is the fourth I-60 which is an Inmate Request to Official and you haven't answered any of them. I wrote a letter to Sandra Murphy, Central Grievance Office, 1060 Hwy 190 E. Huntsville, Texas - 77320. I told her all about this particular grievance. The Step 2 grievance #2020119632 is on its 38 day. I have a copy of the letter when I file my lawsuit, and add her to it, unless she does what I have asked her.

CC: Edwards Law

Name: Anthony Ortiz                    No: 1533671                    Unit: Pack 1 Unit

Living Quarters: E20-04                    Work Assignment: Kitchen

**DISPOSITION:** (Inmate will not write in this space)

This is the 2nd time I have responded to a I-60 Concerning
This GRVFt#2020119632. Step 2 Grievances are investigated in
Huntsville and not on the Unit; therefore, the unit has no control over
when it is answered. Computer shows it was Closed on 8/18. Once Close
Step 2 Grievances it gets mailed. It back. We have not received it back yet.

I-60 (Rev 11-90)

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION: THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost overtime (Unit Warden- if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibity, discharge date, detainers-Unit Administration)

8. ☐ Personal interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: Alisha Chiles and Erica v. Hopkins-Grievance Investigators   DATE: 8-28-20
(Name and title of official)

ADDRESS: Pack 1 Unit

☆I-60 (Rev. 11-90)

**SUBJECT:** State briefly the problem on which you desire assistance.

The first thing I'm going to say is I keep COD every thing. This is the second time I have asked you where my Step 1 and Step 2 for grievance #2020119632 is. It is past the dead line for it to be returned to me I will File a grievance against both grievance officer for Rule No.22.b: harassing or Retaliating against an Offender for Participating in an Official Investigation/inquiry or for Pursuing Legal Activities (i.e. petitioning the courts)--Violation Level 1, Rule No.22b: in all evidence Seized--Violation Level 3. Rule No.43: On-Duty or Off-Duty Conduct-Level 1 Violation Dismissal shall be recommended for a level 1 violation. The recommendation shall be attached to the PERS. 186. Dismissal Recommendation. (If you don't answer this I-60 I will write the grievance and sent it and a copy to Administrative Review and Risk Management, with a copy of this I-60)

Name: Anthony Ortiz

No: 1533607

Living Quarters: E20-04

Unit: Rock 1 Unit

Work Assignment: Kitchen

**DISPOSITION:** (inmate will not write in this space)

GRV# 2020119632 is at the Step2 level, therefore, the unit has nothing to do with your grievance once a Step2 is submitted. Huntsville handles all Step2 grievances. P.O. Box 99 Huntsville, TX 77320

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

## INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden- if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification, Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)* 

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: A Chiles and Erica V. Hopkins Grievance Department   DATE: 8-25-20

*(Name and title of official)*

ADDRESS: Pack 1 Unit

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Sir,

On grievance #2020119632, you never investigated that grievance. You violated a few of the PD-22 Rule No. 10- Falsification of Records and Rule No. 27- Failure to turn in all evidence seized. Your Grievance Response stated: "Your grievance has been reviewed and investigated. There is insufficient evidence to support your allegations of any staff misconduct. You filed GV#2020118428 alleging extreme heat therefore you had to be interviewed due to the nature of your complaint. Grievance staff did have proper PPE which required a face mask." You never even read the grievance or investigated anything. You never read grievance #2020118428. Your going to let both grievance investigators have you called into court behind this grievance. I hope you can show the camera for evidence. Also on the grievance #2020118428, it took 53 days to stamp grievable time has expired.

Name: Anthony Ortiz ✓    No: 1533967    Unit: RockIUnit

Living Quarters: E20-04 ✓    Work Assignment: Kitchen

**DISPOSITION:** (Inmate will not write in this space)

Camera will reveal that Ms. Hopkins and Ms. Childs were both wearing a mask, which was the proper PPE for that date. Camera also reveals that at one point your took your mask off.

(Rev. 11-90)

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

## INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification. Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)*

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: Assistant Warden Gonzales _____ DATE: 7-22-20
   *(Name and title of official)*

ADDRESS: Pack i Unit _____

**SUBJECT:** State briefly the problem on which you desire assistance

From Mr. Murphy

I justice owed to I.D.P. Jackson March, 2nd as I.D.C.B. hookup that sent to them on 3-28-10 It is now that B.O.P staff. This is the picture I have responded to in I.C.D. on time, this of course? D20H1932 Step2 procedure as a result I authorized unpost dues and post on the unit therefore the unit has no control over who it is answered... computer shows it was due on 2/15 - 2/15 at step? too bound it D.H.U. Is not responsible, at B.U. it was chosen to be chosen on 3-6-10 then one one warning at Anyway once the B.U. Unit system once a... during you will have the top and step? procedure if you submit it until to me before you get... they will have... or at copy of the computer to run this more, that I gave I will have to the up and one waiting halt. No in Unit ... in Recess belout... on... too... Co-Friday...

Name: Anthony Dizz _____ No: 1-33361

Living Quarters: E-20-04 _____ Unit: Fish 1 Unit

_____ Work Assignment: 1st 1-150

**DISPOSITION:** (Inmate will not write in this space)

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

## INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden-If approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification, Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)*

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: Sandra Murphy, Central Grievance Office       DATE: 9-2-20

*(Name and title of official)*

ADDRESS: Huntsville, Texas 77342

82

ANTHONY ORTIZ #1853361
Pack I Unit
2400 Wallace Pack Rd.
Navasota, Texas - 77868

United States Courts
Southern District of Texas
FILED
SEP 16 2020
David J. Bradley, Clerk of Court

United States District Court
Southern District of Texas
Post Office Box 61010
Houston, Texas - 77208

