UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY ORTIZ, <br> TDCJ #753367, <br><br> Plaintiff, <br><br> vs. <br><br> BRYAN COLLIER, ET AL., <br><br> Defendants. | § § § § § § § § § § § § | <br><br><br><br><br> CIVIL ACTION NO. H-20-3266 |

# **ORDER OF DISMISSAL**

The plaintiff, Anthony Ortiz (TDCJ #753367), is currently incarcerated by the Texas Department of Criminal Justice at the Pack Unit in Navasota. Ortiz has filed a civil rights complaint under 42 U.S.C. § 1983 [Doc. # 1], concerning the conditions of his confinement. He sues TDCJ Executive Director Bryan Collier, Warden Robert Herrera, and several other officials at the Pack Unit, alleging that he was potentially exposed to COVID-19 in May 2020, when two officers entered his cubicle without wearing masks. Ortiz requests leave to proceed *in forma pauperis* in this action [Doc. # 2] and he has filed several other motions and documents. Because Ortiz is not eligible to proceed without prepayment of the filing fee, this action will be dismissed for the reasons explained briefly below.

This civil action is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A, which was enacted, in part, to prevent prisoners from

abusing the privilege of proceeding *in forma pauperis*. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017).

Court records confirm that, while incarcerated, Ortiz has filed three previous actions and appeals that were dismissed as frivolous: (1) *Ortiz v. Davis, et al.,* Civil No. H-16-3555 (S.D. Tex. Jan. 24, 2019); (2) *Ortiz v. University of Texas Medical Building et al.,* Civil No. H-18-0051 (S.D. Tex. Feb. 28, 2019); and (3) *Ortiz v. Davis, et al.,* Appeal No. H-19-20212 (5th Cir. May 22, 2020). Because Ortiz has three strikes against him for filing frivolous actions in federal court, he is not eligible to proceed *in forma pauperis* unless the exception listed in 28 U.S.C. § 1915(g) applies.

To fit within the exception found in § 1915(g), a prisoner must demonstrate that imminent danger of serious physical injury exists at the time he seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of

imminent danger must be "real and proximate," and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc). In the complaint that Ortiz filed on September 16, 2020, he alleges that two officers entered his cubicle "without any PPE on and put [his] life in imminent danger" of COVID-19 on May 11, 2020 [Doc. # 1, at 6]. He alleges that other officials falsified responses to grievances he filed about the incident [*Id.*]. Ortiz has submitted several grievances and other documents, in which he argues that TDCJ places inmates at risk by manipulating the grievance system [Docs. #10, # 11, # 15, # 16].

Ortiz does not allege that the officers who entered his cubicle were infected or that he contracted COVID-19 as a result of the incident that forms the basis of his complaint, which is remote in time. Ortiz has submitted several requests for leave to amend his complaint [Docs. # 11, # 12, # 13, # 17], but he has not provided a proposed amended complaint along with those requests and none of his submissions, which primarily take issue with the grievance process and express a generalized concern about potentially contracting COVID-19, demonstrate that he is in imminent-danger of physical injury or that the exception found in § 1915(g) applies.[1]

---

[1] The court notes, moreover, that the conditions of confinement at the Pack Unit where Ortiz resides and issues related to the prison's response to COVID-19 are already being litigated in a class action lawsuit that remains ongoing. *See Valentine et al. v. Collier*, Civil No. H-20-1115 (S.D. Tex.).

Under these circumstances, Ortiz's complaint will be dismissed as barred without prepayment of the filing fee pursuant to § 1915(g).

Accordingly, the Court **ORDERS** as follows:

1. The prisoner civil rights action filed by Anthony Ortiz is **DISMISSED** without prejudice as barred by the three-strikes rule found in 28 U.S.C. § 1915(g).

2. Ortiz may re-file his lawsuit or move to reinstate within 30 days only if he pre-pays the full amount of the filing fee for a civil action ($400.00).

3. All of Ortiz's pending motions [Docs. # 2, #4, #7, #11, #12, #13, #14, #16, #17, and #18] are **DENIED**.

**The Clerk's Office will provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on ___November 19___, 2020.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

4